IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>   10 S. Howard Street<br>   Third Floor<br>   Baltimore, MD 21218<br><br>        Plaintiff,<br><br>     v.<br><br>THE BAHK CORPORATION, INC.<br>   300 Hammonton Place<br>   Silver Spring, MD 20904<br><br>BAHK CORP #2, INC.<br>   2617 Reisterstown Road<br>   Baltimore, MD 21217<br><br>   AND<br><br>GIO, INC.<br>   9710 Reisterstown Road<br>   Owings Mills, MD 21117<br><br>        Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action instituted by the U.S. Equal Employment Opportunity Commission ("The Commission") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1964) et seq. ("Title VII"). The Commission alleges that Hope Coleman ("Coleman") was discriminated against on the basis of her sex (female). The Commission further alleges that the Bahk Corporation, Inc., Bahk Corp. #2, Inc., and Gio, Inc. ("Defendants") subjected Coleman to sexual harassment in the form of repeated, unwanted, sexually-offensive remarks and sexual advances from supervisors and co-workers. Moreover,

Defendants terminated Coleman in retaliation for her complaints of sexual harassment. As a result of this discriminatory treatment, Coleman suffered monetary damages as well as emotional distress.

## JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (1991).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII; it is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended.

4. At all relevant times Defendants the Bahk Corporation, Inc., a Maryland corporation with its principal place of business at 300 Hammonton Place, Silver Spring, Md 20904; Bahk Corp. #2, Inc., a Maryland corporation with its principal place of business at 2617 Reisterstown Road, Baltimore, Md 21217; and Gio Inc., a Maryland corporation with its principal place of business at 9710 Reisterstown Road, Owings Mills, Md 21117 have continuously been doing business in the State of Maryland and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), as amended.

6. At all relevant times, Defendants the Bahk Corporation, Inc., Bahk Corp. #2, Inc., and Gio, Inc. have operated as a single employer—joint employer/integrated enterprise—within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b), and in this regard have maintained interrelated operations; common management, directors and boards; centralized control of labor relations and personnel; common ownership; and common financial control.

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit Coleman filed a charge with the Commission alleging that Defendants violated Title VII. All conditions precedent to this lawsuit have been fulfilled.

8. Since at least January 2006, Defendants engaged in unlawful employment practices in its Silver Spring, Owings Mills, and Baltimore, Maryland facilities in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1); discriminating against Coleman on the basis of her sex as follows:

 a. Defendants' management and employees exposed their genitalia to Coleman on several occasions, creating a hostile work environment.

 b. Defendants' management and employees made unwanted sexual advances and statements of a sexually offensive nature to Coleman, contributing to the sexually hostile work environment.

  c. Defendants' management touched Coleman in an unwanted and sexually-offensive manner.

  d. Defendant terminated Coleman in retaliation for her opposition to practices made unlawful by Title VII in violation of 704(a) of Title VII.

9. The effects of the practices complained of in paragraphs 8a through 8d have been to deprive Coleman of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. The unlawful employment practices complained of in paragraphs 8a through 8d were intentional.

11. The unlawful employment practices complained of in paragraphs 8a through 8d were done with malice or with reckless indifference to Coleman's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in sexual harassment, any other employment practices on the basis of sex, and retaliation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for a harassment-free work environment, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to institute and carry out anti-discrimination and anti-sexual harassment policies and complaint procedures.

D. Order Defendants to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of their policies against discrimination, harassment, and retaliation.

E. Order Defendants to institute and carry out training programs which shall promote employee and supervisor accountability, imposing on all personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination. The training shall instruct all employees to report any incidents and/or complaints of unfair discrimination, harassment, or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendants to post equal employment opportunity notices in conspicuous locations at all of their facilities.

G. Order Defendants to make Coleman whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

H. Order Defendants to make Coleman whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8a through 8d, in amounts to be determined at trial.

I. Order Defendants to make Coleman whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8a through 8d, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary, proper, and in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its complaint.

Respectfully Submitted:

RONALD COOPER
General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, D.C. 20507

_____
JACQUELINE H. MCNAIR
Regional Attorney

_____
DEBRA LAWRENCE
Supervisory Trial Attorney

_____
JOHN ALVIN HENDERSON
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)